UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DeMarcus T. Young,

                    Petitioner,                    Case No. 2:21-cv-114

v.                                                 Honorable Janet T. Neff

Connie Horton,

                    Respondent.

_____/

## OPINION

Petitioner Marcus T. Young challenges the conditions of his confinement at the Chippewa Correctional Facility in Kincheloe, Michigan.  He alleges that the risks of infection from the COVID-19 virus are so significant that they render his continued incarceration at that facility a violation of his constitutional rights.  Petitioner joined together in one pleading claims for damages and injunctive relief under 42 U.S.C. § 1983 and habeas corpus claims seeking release from custody.  *See Young v. Whitmer et al.*, No. 2:20-cv-68 (W.D. Mich.).  By order entered May 28, 2021, the Court severed Petitioner's habeas corpus claims seeking release from his § 1983 claims seeking damages and injunctive relief.  The Court directed the Clerk to open this action to permit separate resolution of Petitioner's habeas claims.

This is a habeas corpus action under 28 U.S.C. § 2254.[1]  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to

---

[1] Petitioner is in custody pursuant to the judgment of a state court.  (Compl., ECF No. 1, PageID.6) ("Petitioner [is a] Michigan State Prisoner under the jurisdiction of the Michigan Department of Corrections . . . .").  Habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.*  Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'"  *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006).

determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court will dismiss the petition for failure to raise a meritorious federal claim.

## Discussion

### I.    Factual allegations

Petitioner commenced this action on May 28, 2020.  Petitioner was then, and is now, incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility in Kincheloe, Michigan.  Petitioner is serving sentences imposed by the Saginaw County Circuit Court on January 20, 2010, following jury verdicts convicting Petitioner of the following:  car jacking, conspiracy to car jack, assault with intent to murder, and use of a firearm during the commission of a felony.  *See* https://mdocweb.state.mi.us/otis2/otis2 profile.aspx?mdocNumber=753683 (visited June 2, 2021).  He will also serve a sentence imposed

---

"The reality is that § 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment." *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019).  No matter what form Petitioner uses or what statute he claims serves as the basis for relief, because he is in custody pursuant to the judgment of a state court, his request for habeas relief must comply with the requirements of 28 U.S.C. § 2254.  *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("[T]his makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.").

by the Ionia County Circuit Court following his guilty plea to a charge of assaulting a prison employee.  *Id*.

The petition alleged that the risk of infection arising from the COVID-19 pandemic[2] renders Petitioner's continued imprisonment a violation of Petitioner's Fifth, Eighth, and Fourteenth Amendment rights.  (Pet'r's Br., ECF No. 1, PageID.2.)  Pursuant to an opinion issued September 9, 2020, the Court dismissed Petitioner's Eighth Amendment claims and entered judgment.  (ECF Nos. 7, 8.)  Petitioner appealed the judgment to the Sixth Circuit Court of Appeals contending, among other things, that the Court failed to address Petitioner's due process claims. The appellate court agreed and concluded that this Court's failure to address the due process claims rendered the opinion and order dismissing the Eighth Amendment claim interlocutory.  (Order, ECF No. 14, PageID.129–130.)  The matter was remanded to this Court to address the unresolved claims.  (*Id*.)  The Court then severed the habeas claims which are now ripe for preliminary review.

## II.    Availability of § 2254 relief for unconstitutional conditions of confinement

Petitioner's request for relief is not a typical habeas claim.  The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983.  *Id*.  The *Preiser* Court,

---

[2] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise.  If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions.  *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.  *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted).  But, the Court has also never upheld a "conditions of confinement" habeas claim.  Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ."  *Id*. at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review.  *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials.  Such a claim is properly brought pursuant to 42 U.S.C. § 1983.'"); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983.").

Petitioner's claims challenging the constitutionality of his custody due to risks posed by COVID-19 appear on their face to be claims regarding the conditions of his confinement. Such claims should be raised, typically, by a complaint for violation of 42 U.S.C. § 1983, and he has so raised them.

Nonetheless, Petitioner requests release from custody.  That relief is available only upon habeas corpus review.  "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'"  *Wilson*, 961 F.3d at 868 (quoting *Preiser,* 411 U.S. at 498).[3]  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

In *Wilson*, the Sixth Circuit stated:  "Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement."  *Wilson*, 961 F.3d at 838.  Petitioner, like the petitioners in *Wilson*, contends there are no conditions of confinement sufficient to prevent irreparable injury at the facility where he is housed, or anywhere else within the MDOC.  Accordingly, the Court construes his claim as a proper claim for habeas relief.

---

[3] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241 similar to those claims brought by Petitioner.

5

### III.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner has neither alleged that he exhausted his claims in the state courts nor provided any documentation indicating that he has pursued such state remedies.

Subsection (b) of § 2254 precludes the Court from granting habeas relief unless Petitioner has exhausted his claims in state court.  But that section does not preclude denying claims for habeas relief even though they are unexhausted.

### IV.    Eighth Amendment

The Court's September 9, 2020, opinion thoroughly addressed Plaintiff's Eighth Amendment claim, dismissing it because Petitioner had failed to allege facts showing that the MDOC's handling of the COVID-19 crisis violated his Eighth Amendment rights.  As the Court stated in its May 28, 2021, opinion, further review indicated there was no error in that initial

6

decision.  Indeed, intervening events provide additional compelling support for a determination

that the risks posed by the COVID-19 virus do not render Petitioner's continued incarceration so

risky that it might be characterized as cruel and unusual punishment.  Almost 85% of the inmates

at Chippewa ultimately tested positive for the virus; there are fewer than 10 active positive cases

at the present time; and the MDOC has provided vaccinations for the COVID-19 virus.

*See* MDOC, *MDOC    Response    and    Information    on    coronavirus    (COVID-19)*,

https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-

19-250f43144337 (last visited June 2, 2021).[4]    Accordingly, the Court reaffirms its earlier

determinations regarding Petitioner's alleged Eighth Amendment violations.  Those allegations do

not raise a meritorious federal habeas claim.

## V.    "Due process" claims

Petitioner's due process claim, whether raised under the Fifth Amendment or the

Fourteenth Amendment is not a claim about "process" at all.  The elements of a typical due process

claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause,

and (2) a deprivation of that interest (3) without adequate process.  *Women's Med. Prof'l Corp. v.*

*Baird*, 438 F.3d 595, 611 (6th Cir. 2006).  Petitioner is not claiming that if the MDOC would

---

[4] Although the page is hosted on Medium.com, the MDOC specifically links to this page from their website as the location where they will provide updates and information.  *See* https://www.michigan.gov/corrections/0,4551,7-119-9741_12798-521973--,00.html (visited June 2, 2021). Therefore, the Court takes judicial notice of these facts under Rule 201 of the Federal Rules of Evidence.  The accuracy of the source regarding this specific information "cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see also* Paul F. Rothstein, *Federal Rules of Evidence* 49 (3d ed. 2019)(citing *Matthews v. NFL Mgmt. Council*, 688 F.3d 1107 (9th Cir. 2012) (taking judicial notice of statistics on the NFL website that the plaintiff played 13 games in California over 19 years); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236–37 (3d. Cir. 2007), as amended (Nov. 20, 2007) (finding error where a district court took judicial notice of facts stated in "a party's . . . marketing material" on an "unauthenticated" website because marketing materials often lack precise and candid information and the source was not authenticated)).  Moreover, "[t]he court may take judicial notice at *any* stage of the proceeding." Fed. R. Evid. 201(d) (emphasis added).  Thus, the Court may take judicial notice even at this early juncture because the Court is permitted to take judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b).

simply afford him adequate process it could incarcerate him under conditions posing an unreasonable risk to his health and safety.  Rather, Petitioner's allegations implicate the protections of "substantive due process."

> "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).  "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).   "Conduct shocks the conscience if it 'violates the "decencies of civilized conduct."'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))).

> Protection against "violat[ion of] the decencies of civilized conduct," *Range*, 763 F.3d at 589 (internal quotes omitted), does not sound very different than protection against contravening society's "evolving standards of decency," one of the purposes of the Eighth Amendment, *Rhodes v. Chapman*, 452 U.S. 337, 345–346 (1981).   "Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard

for such searches of prisoners), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In Petitioner's case, the Eighth Amendment provides an explicit source of constitutional protection against the MDOC's exposure of Petitioner to inappropriate risks to his health. *See Graham*, 490 U.S. at 394 (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (rejecting a substantive due process claim where the Eighth Amendment supplies a textual source for prison-condition claims); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Consequently, Plaintiff's substantive due process claim are appropriately dismissed.

Moreover, for the same reason that the COVID-19 remedial efforts presently employed by the MDOC do not run afoul of the Eighth Amendment guarantee—i.e. they do not violate society's evolving standard of decency—those efforts also do not run afoul of substantive due process protections—i.e., they do not violate the decencies of civilized conduct.

For all of these reasons, Petitioner's allegations regarding his substantive due process rights do not raise a meritorious federal claim warranting habeas relief.

## VI.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   June 7, 2021                              /s/ Janet T. Neff
                                                              Janet T. Neff
                                                              United States District Judge